IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ARDLE WINGLER, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-23-696 |
| CECIL COUNTY, MARYLAND, | * | |
| Respondent. | * | |

\*\*\*

**<u>MEMORANDUM OPINION</u>**

THIS MATTER is before the Court on the Government's Answer to self-represented Petitioner Ardle Wingler's Petition for Writ of Habeas Corpus. (ECF No. 13). To date, Wingler has not filed a reply. The Petition is ripe for disposition, and no hearing is necessary. <u>See</u> Local Rule 105.6 (D.Md. 2023). For the reasons outlined below, the Court will dismiss the Petition.

## I.  BACKGROUND

Wingler, who is currently a Pennsylvania state inmate, filed this Petition asserting that Cecil County, Maryland, which has a detainer lodged against him under Case No. C-07-CR-20-000753 in the Circuit Court for Cecil County (the "Circuit Court"), failed "to utilize Article III of the Interstate Agreement on Detainers to give a speedy disposition to the charges imposed." (Pet. Writ Habeas Corpus ["Pet."] at 2, 6, ECF No. 1).[1] Wingler also alleges that his due process rights have been violated by the Circuit Court's failure to

---

[1] Citations to the record refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

conduct a preliminary or final hearing on a violation of probation under Gagnon v. Scarpelli, 411 U.S. 778 (1973). (Id. at 6). Wingler requests this Court to remove the Cecil County detainer and schedule a hearing for disposition of the charges against him. (Id. at 7.).

The Government argues that the Petition should be dismissed because (1) Wingler failed to exhaust his claim in state court, (2) violations of probation charges are not subject to the Interstate Agreement on Detainers ("IAD"), and (3) Cecil County has not found Wingler in violation of his probation without a hearing. (Gov't's Resp. Opp'n Pet. ["Opp'n"] at 1–2, ECF No. 13).

On March 15, 2021, the Circuit Court for Cecil County sentenced Wingler to a suspended sentence of 18 months' imprisonment followed by 18 months' probation for one count of obtaining goods or money by forgery in Case No. C-07-CR-20-000753. (Id. at 2). On April 28, 2021, a probation agent submitted a request for a warrant alleging that Wingler violated the conditions of his probation because he failed to report to Parole and Probation immediately following his sentence. (Id.). The Circuit Court issued a warrant for Wingler's arrest for violation of probation on April 29, 2021. (Id.). Wingler was arrested and released on his own recognizance on July 16, 2021. (Id.). The Circuit Court set his violation of probation hearing for January 14, 2022. (Id.). The Circuit Court issued a bench warrant on January 14, 2022, after Wingler failed to appear at the violation of probation hearing. (Id.).

Wingler filed a motion to remove detainer asserting the Circuit Court violated his Sixth Amendment right to a speedy trial on August 19, 2022, which the Circuit Court

2

denied on September 2, 2022. (State Ct. R. at 22–28, ECF No. 13-1). Wingler also filed a petition for a Gagnon hearing/disposition of probation violation requesting that his violation of probation charges be disposed of before he was released from his present incarceration in Pennsylvania. (State Ct. R. at 30–38). The Circuit Court denied the motion on January 23, 2023. (Id. at 30). As such, the detainer is still active.

## II.   DISCUSSION

The exhaustion requirement found in 28 U.S.C. § 2254(b) applies to petitions filed under 28 U.S.C. § 2241. See Francis v. Henderson, 425 U.S. 536, 539 (1976) ("[T]his Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); see also Timms v. Johns, 627 F.3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to § 2241 petition challenging civil commitment); Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. The exhaustion provision states:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)
> > (i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

3

> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

28 U.S.C. § 2254. Thus, before filing a federal habeas petition, a petitioner must exhaust each claim presented by pursuing remedies available in state court. See Rose v. Lundy, 455 U.S. 509, 521 (1982). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. See Preiser v. Rodriguez, 411 U.S. 475, 491 (1973). The claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. See Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted), cert. denied, 121 S.Ct. 1194 (2001).

The Government states that although Wingler challenged the detainer in his criminal case (see Mot. Remove Detainer at 22–28), nothing indicates that he appealed the Circuit Court's denial of his motion to remove the detainer or that he filed a petition for writ of habeas corpus in state court. (Opp'n at 5). The Court takes judicial notice that the state court docket confirms the Government's statements.[2] See https://casesearch.courts.state.md.us/casesearch/ (last visited Apr. 29, 2025). Accordingly, Wingler's Petition must be dismissed because he has not exhausted his state court appeals.

---

[2] Under Federal Rule of Evidence 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Even if Wingler had exhausted his state court remedies, the IAD does not apply to violation of probation detainers. The IAD is a compact among 48 states, the United States, and the District of Columbia. Jones v. United States, Civil No. CCB-13-656, Criminal No. CCB-11-390, 2013 WL 1104069, at *1 (D.Md. Mar. 14, 2013). Its purpose is:

> to encourage the expeditious and orderly disposition of [outstanding] charges and determination of the proper status of any and all detainers based on untried indictments, informations, or complaints. The party States also find that proceedings with reference to such charges and detainers, when emanating from another jurisdiction, cannot properly be had in the absence of cooperative procedures. It is the further purposes of this agreement to provide such cooperative procedures.

18 U.S.C. App. 2, § 2, Art. I. Importantly, in this case, Wingler seeks disposition of a violation of probation ("VOP") detainer. A VOP detainer is not subject to the IAD because it concerns an adjudicated charge rather than an untried indictment, information, or complaint. See Carchman v. Nash, 473 U.S. 716, 725 (1985) (holding that a probation violation which does not initiate a prosecution is not a complaint within the meaning of the IAD); see also United States v. Barber, 998 F.Supp. 639, 640 (D.Md. 1998) (citing Hopper v. U.S. Parole Comm'n, 702 F.2d 842, 846 (9th Cir. 1983) (holding that an unadjudicated parole violator warrant is not a complaint within the meaning of the IAD). Therefore, the relief Wingler seeks under the IAD is unavailable.

### III. CONCLUSION

5

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684-85 (4th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Wingler fails to meet this standard, and a Certificate of Appealability shall not issue. The Clerk will be directed to close this case. A separate Order follows.

Entered this 29th day of May, 2025.

                                                                        /s/
                                              George L. Russell, III
                                              Chief United States District Judge